01

02

03

04

05

06                       UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08 KRIS CARLSON,                        )   CASE NO. C05-1123-RSM
                                        )
09        Plaintiff,                    )
                                        )
10    v.                                )   REPORT AND RECOMMENDATION
                                        )   RE: SOCIAL SECURITY
11 JO ANNE B. BARNHART,                 )   DISABILITY APPEAL
   Commissioner of Social Security      )
12                                      )
          Defendant.                    )
13 _____     )

14        Plaintiff Kris Carlson proceeds through counsel in her appeal of a final decision of the

15 Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied

16 plaintiff's application for Supplemental Security Income (SSI) benefits after a hearing before an

17 Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record

18 (AR), and all memoranda of record, it is recommended that this matter be REMANDED for

19 further administrative proceedings.

20 / / /

21 / / /

22 / / /

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01 **FACTS AND PROCEDURAL HISTORY**

02      Plaintiff was born on XXXX, 1961.[1]  She completed high school and some college course

03 work.  Plaintiff previously worked as an accounts receivable clerk, typist, nurse's assistant, and

04 graphic designer.  She applied for SSI on March 30, 2000, alleging disability since May 1988 or

05 June 1, 1997 due to an autonomic/norepinephrine deficiency causing dizziness, fainting, trouble

06 breathing, and weakness.  (AR 66, 90, 99.) [2]  Her application was denied initially and on

07 reconsideration, and she timely requested a hearing.

08      ALJ Arthur Joyner held a hearing on July 8, 2002, taking testimony from plaintiff,

09 vocational expert William Weiss, medical expert Dr. Arthur Anderson, and witness Carol Patton.

10 (AR 442-95.)  He issued a decision finding plaintiff not disabled on September 13, 2002.  (AR

11 347-57.)

12      Plaintiff timely appealed and the Appeals Council granted her request for review on March

13 28, 2003, vacating the ALJ's decision and remanding the case for a new hearing.  (AR 361-64.)

14 The Appeals Council noted that the ALJ failed to state what weight he afforded the opinions of

15 Dr. Daniel C. Brown, plaintiff's treating physician, that the decision did not contain adequate

16 rationale for rejecting that physician's opinions, and that it had received clarification of plaintiff's

17 condition from Dr. Brown in connection with the request for review.  The Appeals Council also

18 addressed the ALJ's treatment of Dr. Kerry T. Bartlett, noting that the ALJ rejected his opinions

19 _____

20     [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the
21 official policy on privacy adopted by the Judicial Conference of the United States.

    [2] Two previous applications for benefits, filed on October 10, 1996 and October 28, 1997,
22 were denied at the initial level and not appealed, and are no longer at issue.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01  because he is not a treating source and because he was not convinced that Dr. Bartlett was aware

02  of the definitions of the terms "marked" and "constant" as used in forms completed by that

03  physician.  The Appeals Council stated that Dr. Bartlett's opinions must be considered as coming

04  from an acceptable medical source and that he should have been contacted for clarification on the

05  issue of terminology.  Finally, the Appeals Council noted that, although the ALJ found plaintiff's

06  affective disorder severe, he did not include any mental limitations in his residual functional

07  capacity (RFC) assessment.  The Appeals Council directed the ALJ to give further consideration

08  to plaintiff's treating and examining sources, to obtain additional evidence concerning her

09  impairments, to further evaluate her mental impairments in accordance with the special technique

10  described in 20 C.F.R. 416.920a, to give further consideration to her RFC, and, if warranted by

11  the expanded record, to obtain additional vocational expert testimony.

12      ALJ Joyner held a second hearing on February 17, 2004, taking testimony from plaintiff,

13  vocational expert Stephen Van Houten, and medical experts Dr. Robert Aigner and R. Thomas

14  McKnight.  (AR 496-527.)  He thereafter held a supplemental hearing on May 5, 2004, taking

15  additional testimony from Dr. Anderson.  (AR 528-37.).

16      The ALJ issued a second unfavorable decision on July 31, 2004.  (AR 14-23.)  Plaintiff

17  appealed the ALJ's decision and, on May 25, 2005, the Appeals Council denied plaintiff's request

18  for review.  (AR 4-6.)  Plaintiff appealed this final decision of the Commissioner to this Court.

19                              **JURISDICTION**

20      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

21                               **DISCUSSION**

22      The Commissioner follows a five-step sequential evaluation process for determining

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

02  be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had engaged

03  in substantial gainful activity from October 1988 until June of 1997, but not after that point.  At

04  step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ

05  found plaintiff's syncope (fainting) and personality disorder severe.  Step three asks whether a

06  claimant's impairments meet or equal a listed impairment.  The ALJ found that plaintiff's

07  impairments did not meet or equal the criteria for any listed impairments.  If a claimant's

08  impairments do not meet or equal a listing, the Commissioner must assess RFC and determine at

09  step four whether the claimant has demonstrated an inability to perform past relevant work.  The

10  ALJ found plaintiff able to perform her past relevant work as a graphic designer.  If a claimant

11  demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner

12  to demonstrate at step five that the claimant retains the capacity to make an adjustment to work

13  that exists in significant levels in the national economy.  The ALJ also found plaintiff not disabled

14  at step five, finding she could perform other work existing in significant numbers in the national

15  economy, including work as an assembler.

16      This Court's review of the ALJ's decision is limited to whether the decision is in

17  accordance with the law and the findings supported by substantial evidence in the record as a

18  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

19  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

20  mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

21  (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

22  decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01 | 2002).

02 | Plaintiff argues that the ALJ failed to assess all of her severe impairments at step two,

03 | failed to adhere to the Appeals Council's order on remand and to provide legally sufficient reasons

04 | for rejecting the opinions of treating and examining physicians, and erred at all subsequent steps

05 | of the disability evaluation, including the assessment of her credibility.  She asks that the Court

06 | remand this matter for an award of benefits or, alternatively, for further administrative

07 | proceedings.  The Commissioner argues that the ALJ's decision is supported by substantial

08 | evidence and should be affirmed.

09 | The Court has discretion to remand for further proceedings or to award benefits.   *See*

10 | *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may direct an award of benefits

11 | where "the record has been fully developed and further administrative proceedings would serve

12 | no useful purpose."  *McCartey v. Massanari* 298 F.3d 1072, 1076 (9th Cir. 2002).

13 | Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient
reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that

14 | must be resolved before a determination of disability can be made; and (3) it is clear
from the record that the ALJ would be required to find the claimant disabled if he

15 | considered the claimant's evidence.

16 | *Id.* at 1076-77.  For the reasons described below, the undersigned recommends that this matter

17 | be remanded for further administrative proceedings.

18 | <u>Step Two</u>

19 | At step two, plaintiff must make a threshold showing that her medically determinable

20 | impairments significantly limit her ability to perform basic work activities.  *See Bowen v. Yuckert*,

21 | 482 U.S. 137, 145 (1987) and 20 C.F.R. § 416.920(c).  "Basic work activities" refers to  "the

22 | abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 416.921(b).  "An impairment or

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01 | combination of impairments can be found 'not severe' only if the evidence establishes a slight

02 | abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*

03 | *v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28).

04 | "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims."   *Id.*

05 | (citing *Bowen*, 482 U.S. at 153-54).  An ALJ is also required to consider the "combined effect"

06 | of an individual's impairments in considering severity.  *Id.*

07 |        In this case, the ALJ found only plaintiff's personality disorder and syncope severe.  (AR

08 | 19.)  He did not find that she had a somatoform disorder or affective disorder causing her more

09 | than minimal limitations in her ability to perform work related activity, stating:

> While Dr. Bartlett has twice indicated that she has this diagnosis, neither Dr. [David] Sandvik nor Dr. [Anselm] Parlatore assessed a somatoform disorder.  These psychiatrists characterized her impairments more in terms of a personality disorder than a somatoform disorder.  The diagnosis of a somatoform disorder is only appropriate if a physical impairment has been ruled out.  Dr. [Daniel] Brown, the claimant's treating physician seems to feel that the claimant has a physical impairment. While I am ruling out a somatoform disorder, I am accepting that the claimant has episodes of syncope and near-syncope.

15 | (*Id.*)

16 |        Noting that he previously found her asthma and an affective disorder (depressive order)

17 | severe (*see* AR 354), plaintiff first notes that the ALJ failed to provide any explanation for not

18 | finding as such in his July 2004 decision.  She asserts that, despite evidence of asthma-related

19 | restrictions in the record (*see*, *e.g.*, AR 280), the ALJ failed to consider this condition at either

20 | step two or step four.  Plaintiff also points to evidence supporting the existence of a depressive

21 | syndrome.  (*See* AR 202 (Psychiatric Review Technique Form (PRTF) by Drs. Janis Lewis and

22 | Thomas Clifford in which a depressive syndrome was evaluated under Listing 12.04); AR 191 (Dr.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01  Bartlett found suggestion of depressive symptomology on psychological testing); AR 409, 412

02  (Dr. Sandvik diagnosed dysthymia and various moderate limitations)).  She notes that, while the

03  ALJ stated that he did not accept the existence of an affective disorder, he gave no reasons

04  germane to such a disorder, asserting instead only reasons pertaining to a somatoform disorder.

05  Plaintiff adds in a footnote that the ALJ failed to properly consider her lumbar spine impairment,

06  pointing to X-rays and evidence of chronic cervical pain.  (*See* AR 217, 225, 227.)

07          Plaintiff next argues that the ALJ incorrectly stated that a somatoform disorder diagnosis

08  is appropriate only if a physical impairment has been ruled out.  She asserts that this disorder

09  entails the presence of physical symptoms that suggest a general medical condition, but which are

10  not fully explained by the general medical condition.  *See* Diagnostic and Statistical Manual of

11  Mental Disorders, 4th ed. at 445. *See also* 20 C.F.R. 404, Subpart P, App. 1, Listing 12.07

12  (defining a  Somatoform disorder as: "Physical symptoms for which there are no demonstrable

13  organic findings or known physiological mechanisms.")  Plaintiff argues that her autonomic

14  insufficiency diagnosis does not fully account for the symptoms she experiences, and points to

15  evidence in the record supporting the existence of this condition.  (  *See* AR 192 (Dr. Bartlett

16  diagnosed undifferentiated somatoform disorder, noting it "reflects a presentation involving a level

17  of social or occupational impairment due to medical concerns that it is in excess of what would

18  typically be expected on the basis of the objective medical findings."); AR 409 (Dr. Sandvik

19  diagnosed a personality disorder and noted "[s]he appears to be of a psychological disposition to

20  represent physical problems" from her personality disorder features); AR 280 (Drs. Coral Hilby

21  and Guthrie Turner stated "psychosomatic illness may be related to integrative control of the

22  autonomic nervous system" on a Physical RFC Assessment (PRFCA)); AR 506-07 (medical expert

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01   Dr. R. Thomas McKnight assessed plaintiff under Listing 12.07 (somatoform disorder)). Plaintiff

02   further argues that the basis proffered for rejecting this diagnosis is belied by the ALJ's other

03   statements questioning the basis for her syncope episodes, or, in other words, the existence of any

04   physical condition in the first place. (*See* AR 19 (finding plaintiff's syncope severe, but not finding

05   a basis for her syncope; pointing to testimony from medical expert Dr. Arthur Anderson as to the

06   insufficiency of the evidence supporting the existence of idiopathic autonomous insufficiency.))

07        Finally, plaintiff argues that the ALJ failed to adhere to the Appeals Council's directive to

08   re-evaluate her mental impairments in accordance with the special techniques set forth at 20 C.F.R.

09   § 416.920a, requiring assessment in four essential areas of functioning: activities of daily living;

10   social functioning; concentration, persistence, and pace; and episodes of decompensation. She

11   asserts that, because the ALJ failed to include her affective disorder and somatoform disorder in

12   the evaluation, the step two finding is per se erroneous.    *See Gutierrez v. Apfel*, 199 F.3d

13   1048,1050-51 (9th Cir. 2000) (remanding case where there was a colorable claim of mental

14   impairment and the ALJ failed to complete a psychological review technique form pursuant to 20

15   C.F.R. § 404.1520a).

16        The Commissioner responds that plaintiff's asthma argument is moot because the ALJ

17   found she could perform jobs with environmentally benign conditions and because her asthma

18   would not preclude her performance of those jobs. *See* Dictionary of Occupational Titles (DOT)

19   141.061-018 (graphic designer) and DOT 734.687-018 (assembler). She further argues that

20   plaintiff has not shown her depression caused any functional limitations precluding her ability to

21   perform the unskilled job of assembler, noting unskilled work involves simple tasks, working

22   primarily with objects more than people. *See* 20 C.F.R. § 416.968(a) (defining unskilled work as

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -8

01 "work which needs little or no judgment to do simple duties that can be learned on the job in a

02 short period of time."); SSR 85-15 (stating unskilled jobs "ordinarily involve dealing primarily with

03 objects, rather than with data or people").   The Commissioner adds that the State agency

04 reviewing psychologists,  Drs. Lewis and Clifford, concluded plaintiff could work despite her

05 depressive disorder (*see* AR 275), and asserts that adding limitations from depression would not

06 have changed the outcome of the decision.

07         The Commissioner argues that the ALJ properly rejected plaintiff's alleged somatoform

08 disorder based on the opinions of examining physicians Drs. Parlatore and Sandvik.  *See*

09 *Tonapetyn v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a

10 non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting

11 a treating or examining physician's opinion, it may constitute substantial evidence when it is

12 consistent with other independent evidence in the record.") With respect to a spine impairment,

13 the Commissioner notes that examining physician Janice Pearl, M.D., noted normal orthopedic

14 findings and stated plaintiff could perform sedentary work (AR 402-06), work consistent with that

15 identified by the vocational expert (AR 523-24).  Finally, the Commissioner asserts that the ALJ

16 properly analyzed each category of functioning pursuant to 20 C.F.R. § 416.920a. (*See* AR 19-

17 20.)

18         With the exclusion of the alleged spine impairment, for which there is little support,

19 plaintiff demonstrates multiple errors at step two.  First, as described above by plaintiff, there is

20 ample support in the record supporting the existence of a severe somatoform disorder.  The mere

21 absence of a diagnosis of this condition from examining physician Dr. Sandvik is not compelling

22 in the face of that evidence.  It is similarly not particularly compelling that Dr. Parlatore, in January

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -9

01  2001, noted that although Dr. Bartlett had entertained the diagnosis of a somatoform disorder he

02  "at present" only had evidence and an impression of an adjustment disorder. (AR 198.)

03  Additionally, the ALJ's take on somatoform disorders appears inaccurate.  As defined in the

04  Merck Manual of Diagnosis and Therapy, and argued by plaintiff, somatoform disorders are

05  "characterized by physical symptoms that suggest but are not fully explained by a physical

06  disorder[.]" *See* www.Merck.com (definition of Somatoform Disorders).  Accordingly, a physical

07  impairment need not be ruled out.

08          Second, plaintiff correctly notes that the ALJ does not address why he no longer

09  considered her affective disorder severe.  (*See* AR 19.)  The Commissioner unconvincingly poses

10  an ad hoc argument regarding simple tasks and working primarily with objects, rather than people.

11  Moreover, the fact that the reviewing psychologists found she could work despite her depressive

12  disorder does not necessarily support that it was not severe.  While it may well be that plaintiff

13  could perform the identified jobs despite her depressive disorder, the ALJ should explicitly address

14  the issue given the evidence in the record supporting the severity of this condition.  *See also* SSR

15  85-15 ("The basic mental demands of competitive, remunerative, unskilled work include the

16  abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to

17  respond appropriately to supervision, coworkers, and usual work situations; and to deal with

18  changes in a routine work setting.")  On the other hand, the failure to address plaintiff's asthma

19  may indeed be harmless given the jobs identified.  However, for the purpose of clarity, the ALJ

20  should also address this issue on remand.

21          Third, given the above-described errors, the ALJ should reassess plaintiff's mental

22  impairments pursuant to 20 C.F.R. § 416.920a.  While the ALJ did appropriately assess the

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -10

01  categories of functioning, a reassessment of plaintiff's somatoform and affective disorders may

02  well implicate that assessment.

03        Finally, plaintiff appears to raise an additional step two argument in her reply as to the

04  existence and severity of a right bundle branch block ("RBBB").  As discussed further below, the

05  ALJ discounted the existence of such a condition in his credibility assessment and plaintiff points

06  to evidence supporting the existence of such a condition.  Although the Court need not address

07  arguments first raised in reply, the ALJ should specifically address this condition at step two on

08  remand in the interest of rendering a thorough decision.

09                        <u>Physicians' Opinions and Appeals Council's Remand</u>

10        In general, more weight should be given to the opinion of a treating physician than to a

11  non-treating physician, and more weight to the opinion of an examining physician than to a non-

12  examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted

13  by another physician, a treating or examining physician's opinion may be rejected only for "'clear

14  and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

15  Where contradicted, a treating or examining physician's opinion may not be rejected without

16  "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

17  *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  Where the opinion

18  of the treating physician is contradicted, and the non-treating physician's opinion is based on

19  independent clinical findings that differ from those of the treating physician, the opinion of the

20  non-treating physician may itself constitute substantial evidence. *See Andrews v. Shalala*, 53 F.3d

21  1035, 1041 (9th Cir. 1995).  It is the sole province of the ALJ to resolve this conflict.  *Id.*

22        As noted above, the Appeals Council noted that the ALJ failed to state what weight he

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -11

01  afforded the opinions of Dr. Brown, plaintiff's treating physician, and failed to give adequate

02  reasons for rejecting those opinions.  It further directed the ALJ to consider the opinions of Dr.

03  Bartlett as coming from an acceptable medical source and noted he should have contacted that

04  physician for clarification on the issue of terminology to the extent he was confused about that

05  physician's understanding of the terminology.

06         Plaintiff argues that, although acknowledging the directive of the Appeals Council and

07  recounting his history of treatment, the ALJ again fails to explain what weight, if any, he gave the

08  opinions of Dr. Brown.  (*See* AR 16-19.)  Plaintiff next asserts that the ALJ failed to recontact Dr.

09  Bartlett for clarification, and failed to provide specific and legitimate reasons for rejecting this

10  examining physician's opinions, instead proffering an insufficient conclusory reason.  (*See* AR 20

11  ("I have considered the statement from Dr. Bartlett, that the claimant's mental impairments meet

12  the requirements of several mental listings, but do not find this opinion supported by the record."))

13  and *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are

14  not supported by sufficient objective findings or are contrary to the preponderant conclusions

15  mandated by the objective findings does not achieve the level of specificity our prior cases have

16  required, even when the objective factors are listed seriatim.  The ALJ must do more than offer

17  his conclusions. He must set forth his own interpretations and explain why they, rather than the

18  doctors', are correct.") (internal footnote omitted)).  She criticizes the one reason the ALJ did give

19  specific to Dr. Bartlett: "Dr Bartlett's [Global Assessment of Functioning] GAF assessment is not

20  consistent with his later MSS.  His written report and his GAF suggest only moderate limitations,

21  even though he indicated marked limitations in a questionnaire."  (AR 21.)  Plaintiff notes that Dr.

22  Bartlett's written report stated that her GAF indicated "[s]erious impairment in social and

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -12

01  occupational functioning" (AR 192), consistent with a marked impairment.  She notes that the ALJ

02  failed to obtain clarification of Dr. Bartlett's understanding of the terminology as advised by the

03  Appeals Council, and failed to give any reasons for rejecting Dr. Bartlett's underlying report.

04        Plaintiff also argues in a footnote that the ALJ's rejection of the opinions of Drs. Sandvik

05  and McKnight was legally deficient.  She asserts that the ALJ mischaracterized her testimony in

06  concluding she was not as impaired as these doctors opined ( *see* AR 20), and inappropriately

07  relied upon trivial daily activities such as maintaining manicured nails or going to church to

08  attempt to show her ability to function at work. *See Smolen*, 80 F.3d at 1284 n.7 (stating that,

09  although "the ALJ may reject a claimant's symptom testimony if the claimant is able to spend a

10  substantial part of her day performing household chores or other activities that are transferable to

11  a work setting[,]" the "Social Security Act does not require that claimants be utterly incapacitated

12  to be eligible for benefits, and many home activities may not be easily transferable to a work

13  environment where it might be impossible to rest periodically or take medication.") (citing *Fair

14  v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

15        The Commissioner asserts that the ALJ properly rejected Dr. Brown's opinion, stating it

16  was unsupported and contradicted by plaintiff's performance in a Christmas cantata and by Dr.

17  Pearl's opinion she could perform sedentary work.  (AR 21.)  She also asserts that the ALJ

18  appropriately pointed to daily activities contradicting Dr. Bartlett's assessment of marked

19  limitations, and the contradictory assessment of Drs. Parlatore and Sandvik.  (AR 20-21.)  She

20  further asserts that the ALJ provided the same acceptable reasons for rejecting Dr. McKnight's

21  testimony (*see id.*), and that the ALJ, in fact, credited Dr. Sandvik's opinion (AR 21) (noting Dr.

22  Sandvik assessed only mild limitations in functioning).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -13

01    The Commissioner adds that she has not found controlling authority on whether this Court

02 has jurisdiction to consider the argument that the ALJ did not follow the Appeals Council's

03 remand instructions. *See Gabaldon v. Barnhart*, 399 F. Supp. 2d 1240, 1251 & n. 9 (D. N.M.

04 2005) (finding no jurisdiction to consider plaintiff's contentions regarding the ALJ's adherence

05 to the Appeals Council's remand order; noting disagreement in courts regarding this issue).  She

06 notes that, in any event, the Appeals Council's May 25, 2005 denial of review indicates its

07 satisfaction with the ALJ's compliance with the remand order.

08    In her reply, plaintiff avers that the ALJ appeared to reject Dr. Brown's opinion that her

09 autonomic insufficiency was disabling and that her syncope would worsen in a work situation,

10 stating: "There are no treating records documenting this phenomenon and there is no medical

11 explanation as to why this would be the case." (AR 21.)  Plaintiff argues that, to the contrary, Dr.

12 Brown's records show the basis for his diagnosis of autonomic insufficiency and the resulting

13 symptom of syncope, as well as his opinion that the syncope would increase with stress.  (*See* AR

14 163, 268-69, 271-72 (letters from Dr. Brown describing diagnosis and treatment from as far back

15 as 1980), 394-99 (same, plus noting several episodes of employment have been limited by

16 reappearance of symptoms under periods of stress, and attaching documentation supporting

17 original diagnosis of autonomic insufficiency)).  Plaintiff also argues that it was inappropriate to

18 reject this treating physician's opinion based on her performance in a Christmas cantata and that

19 a reliance on Dr. Pearl's opinion was specious given that the ALJ also rejected pertinent aspects

20 of Dr. Pearl's assessment.

21    Plaintiff rejects the Commissioner's jurisdictional argument, asserting that the ALJ "shall

22 take any action that is ordered by the Appeals Council and may take any additional action that is

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -14

01    not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.979.  With respect

02    to Dr. Sandvik, plaintiff notes he found a significant personality disorder of narcissistic type and

03    several moderate limitations, including in her ability to respond appropriately to work pressures.

04    (AR 412.)  Plaintiff adds that the ALJ's rejection of the somatoform disorder assessed by Drs.

05    Bartlett and McKnight was inappropriate in light of his erroneous interpretation of that disorder,

06    as described above.

07       The above-described errors at step two necessitate a further assessment of the physicians'

08    opinions in this case.  In particular, the ALJ should reassess any opinions touching on somatoform

09    or affective disorders, including the opinions of Drs. Bartlett and McKnight.

10       The undersigned, however, is not convinced that the ALJ erred with respect to the

11    opinions of Dr. Brown.  The ALJ stated the following as to the cause of plaintiff's syncope:

> The claimant has alleged orthostatic hypotension as the cause of her syncope.  Dr.
> Anderson, a cardiologist who is also certified in vascular diseases, has noted that the
> claimant's autonomic nervous system dysfunction was successfully treated with
> medication.  Her drop in blood pressure from sitting to standing is no longer present.
> He suggested that the claimant needed work hardening as she was out of condition.
> From a cardiology stand point there is no indication of any problem. Dr. Anderson
> specifically testified that the diagnosis of idiopathic autonomous insufficiency is not
> supported by the record.  This condition is a vascular condition and the claimant's
> record simply does not support this diagnosis.  He also noted that the claimant's
> medications would not cause her reported symptoms.  He noted Dr. Brown
> documents the claimant's consistent complaints, but does not adequately explain the
> basis for her alleged symptoms.  While I do not find the basis for her syncope, I do
> find that the claimant has syncope which is a severe impairment.

19    (AR 19.)  The ALJ also later stated:

> There are multiple opinions in the record that the claimant is disabled. Dr. Brown,
> who has been her treating doctor since she was a child, has opined that the claimant
> is disabled.  He has stated that the claimant's syncopal episodes would prevent her
> from working, although he reports that medication has had a significant effect in her
> functionality so that she now only had an "occasional episode of near syncope."  He

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -15

01   noted that she was able to care for her personal needs and house without particular
02   difficulty but stated that her syncope would increase if she tried to work.  There are
     no treating records documenting this phenomenon and there is no medical explanation
03   as to why this would be the case.  The claimant has apparently been willing to perform
     in a Christmas cantata, an activity that required standing and significant preparation,
04   and this did not increase her episodes of syncope, although she had problems with a
     substance sprayed on the Christmas tree.  Dr. Pearl felt that the claimant could do
05   sedentary work, although she said that the claimant could stand less than two hours
     due to exhaustion.  This limitation is probably due to the fact that she believed
06   claimant had a right bundle branch block, which would be the cause of the claimant's
     alleged exhaustion.

07   (AR 21.)

08         Therefore, in not accepting the opinions of Dr. Brown as to plaintiff's autonomic

09   insufficiency and disability generally, the ALJ pointed to the testimony of Dr. Anderson, the

10   evidence of plaintiff's activity, and at least part of the opinions of examining physician Dr. Pearl.

11   Despite Dr. Brown's longstanding treatment of plaintiff, the ALJ's reasoning was sufficient.  It

12   is also significant that the ALJ did at least accept the severity of the primary symptom of the

13   condition diagnosed by Dr. Brown.  It is not otherwise necessary to address the issue of

14   compliance with the Appeals Council's remand order.

15         Plaintiff belatedly and briefly requests that the opinions of her physicians be credited as true

16   in her reply brief.  "Where the Commissioner fails to provide adequate reasons for rejecting the

17   opinion of a treating or examining physician, [the Court credits] that opinion as 'a matter of law.'"

18   *Lester*, 81 F.3d at 830-34 (finding that, if doctors' opinions and plaintiff's testimony were credited

19   as true, plaintiff's condition met a listing) (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th

20   Cir. 1989)).  Crediting an opinion as a matter of law is appropriate when, taking that opinion as

21   true, the evidence supports a finding of disability.  *See, e.g.*, *Schneider v. Commissioner of Social*

22   *Sec. Admin.*, 223 F.3d 968, 976 (9th Cir. 2000) ("When the lay evidence that the ALJ rejected is

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -16

01  given the effect required by the federal regulations, it becomes clear that the severity of [plaintiff's]

02  functional limitations is sufficient to meet or equal [a listing.]"); *Smolen*, 80 F.3d at 1292 (ALJ's

03  reasoning for rejecting subjective symptom testimony, physicians' opinions, and lay testimony

04  legally insufficient; finding record fully developed and disability finding clearly required).

05  However, courts retain flexibility in applying this "'crediting as true' theory." *Connett v.*

06  *Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there

07  were insufficient findings as to whether plaintiff's testimony should be credited as true).  As stated

08  by one district court: "In some cases, automatic reversal would bestow a benefits windfall upon

09  an undeserving, able claimant." *Barbato v. Commissioner of SSA*, 923 F. Supp. 1273, 1278 (C.D.

10  Cal. 1996) (remanding for further proceedings where the ALJ made a good faith error, in that

11  some of his stated reasons for rejecting a physician's opinion were legally insufficient).

12      It is bothersome that the proceedings surrounding plaintiff's application for benefits have

13  gone on for so long (since 2000).  However, the record in this case nonetheless does not support

14  a remand for an award of benefits.  That is, even taking the opinions of plaintiff's physicians as

15  true, the record does not necessarily support an award of benefits.

16                              Credibility Assessment

17      Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

18  reject a claimant's testimony.  *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).  *See*

19  *also Thomas*, 278 F.3d at 958-59.  In finding a social security claimant's testimony unreliable, an

20  ALJ must render a credibility determination with sufficiently specific findings, supported by

21  substantial evidence.  "General findings are insufficient; rather, the ALJ must identify what

22  testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -17

01   F.3d at 834. "We require the ALJ to build an accurate and logical bridge from the evidence to her

02   conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."

03   *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the

04   ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between

05   his testimony and his conduct, his daily activities, his work record, and testimony from physicians

06   and third parties concerning the nature, severity, and effect of the symptoms of which he

07   complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

08      In this case, the ALJ rendered the following credibility assessment:

09       I do not find the claimant credible. She states that she has multiple episodes of
      dizziness on a daily basis, but she continues to drive. She says that she cannot lift

10       more than two pounds, but she does all the cooking for her family. Cooking is almost
      always going to involve lifting more than two pounds. She arrived at the hearing in

11       a wheelchair, but admitted that a wheelchair has not been prescribed. She reports that
      she cannot sustain concentration, but she home schools her child. She has reported

12       to doctors that she has a right bundle branch block when there is no indication that
      she has this.

13

14   (AR 21.) The ALJ goes on to discount the medical opinions in the record supporting disability

15   as quoted above, noting her cantata performance and, with respect to Dr. Pearl's opinion that she

16   could stand less than two hours due to exhaustion, stating that that limitation was probably due

17   to plaintiff's assertion that she had a RBBB. ( *Id.*) The ALJ had also previously addressed

18   plaintiff's various activities at step two, noting her ability to cook, home school her son, perform

19   in a cantata, and her ability to knit and watch several hours of television. (AR 20.)

20      Plaintiff asserts that the ALJ's statement as to her driving is irrelevant given that her

21   syncopal episodes have been medically documented. She rejects that either her driving or use of

22   a wheelchair necessarily impugns her credibility. Plaintiff further rejects the reasoning as to

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -18

01    cooking, noting that the evidence shows she "cooks" mainly by supervising meal production from

02    a seated position, only chopping food with a food processor.  (AR 454-55, 197.)  Plaintiff

03    additionally points to evidence supporting the existence of a RBBB.        *See* AR 350 (ALJ's

04    September 2002 decision stating: "She had an EKG showing sinus rhythm and a right bundle

05    branch block."); AR 256-58 (records from Dr. Brown as to RBBB).  Finally, plaintiff argues that

06    her performance in a single cantata is not substantial evidence that she can perform full time work

07    and asserts a lack of information concerning her previous statement in a form that she: "Home

08    schools her son - (supervises him, no physical stuff)."  (AR 111.)  She asks in her reply that her

09    testimony be credited as true. *Lester*, 81 F.3d at 834 ("[W]here the ALJ improperly rejects the

10    claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony

11    were credited, 'we will not remand solely to allow the ALJ to make specific findings regarding that

12    testimony.'   Rather, that testimony is also credited as a matter of law.") (internal citations

13    omitted).

14        In response, the Commissioner notes that not all of an ALJ's reasons for discrediting a

15    claimant must be upheld, so long as substantial evidence supports the ALJ's credibility conclusion.

16    *Batson v. Commissioner of the Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).  For this

17    reason, the undersigned agrees with the Commissioner that the ALJ's credibility assessment was

18    sufficient.  In particular, the ALJ appropriately pointed to her driving and use of a wheelchair as

19    calling her testimony as to the extent of her limitations into question.  Additionally, while there is

20    little information in the record as to home schooling, plaintiff had ample opportunity to correct her

21    own statement as to this activity.  (*See* AR 111.)  In any event, however, the previously identified

22    errors necessitate a reassessment of her credibility on remand.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -19

01                          <u>Remaining Steps of Disability Evaluation</u>

02          Plaintiff argues that the above-described errors implicate the remaining steps in the

03   disability evaluation, including whether or not her impairments alone or in combination met a

04   listing at step three, the RFC determination, and the ALJ's conclusions at steps four and five.

05   Because of the errors described above, the undersigned agrees that the remaining steps in the

06   evaluation should be reconsidered on remand.

07                                   **<u>CONCLUSION</u>**

08          For the reasons described above, this matter should be REMANDED for further

09   administrative proceedings.  A proposed order accompanies this Report and Recommendation.

10          DATED this  7th  day of  April , 2006.

11

12                                        _____
                                          Mary Alice Theiler

13                                        United States Magistrate Judge

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -20